The Honorable Bruce H. Colton State Attorney Nineteenth Judicial Circuit 411 South Second Street Fort Pierce, Florida 34950
Dear Mr. Colton:
You ask the following question:
Does the purchase of a ticket from a nonprofit organization, when the ticket contains a random selection of the names of several sports teams, with the chance of winning a sum from a portion of that collected by the organization, based upon the points scored by the teams on the ticket purchased, and determined by the winning teams during their weekly play, violate section 849.14, Florida Statutes?
In sum:
The purchase of a ticket containing the names of several sports teams selected at random violates section 849.14, Florida Statutes, when the winning ticket is determined by the sports teams that have scored the most points during the designated time period and the prize is paid from the proceeds from ticket sales.
You state that the purchaser of a ticket has no choice regarding the teams that appear on the ticket. The nonprofit organization will use a portion of the money collected as the prize to the ticket holder whose teams have scored the most points during a designated time period.
Florida's gambling laws, which are codified in Chapter 849, Florida Statutes, primarily concern games of chance rather than contests of skill. For example, lotteries consisting of a prize awarded by chance for consideration are generally prohibited.[1]
Section 849.0935, Florida Statutes, authorizes certain nonprofit organizations to conduct drawings by chance subject to the conditions and limitations prescribed therein. "Drawing by chance" is defined by section 849.0935(1)(a), Florida Statutes, to mean "an enterprise in which, from the entries submitted by the public to the operator of the drawing, one or more entries are selected by chance to win a prize." The term, however, does not include those enterprises which involve the distribution of winning numbers, previously designated as such, to the public.
While the purchaser of a ticket in the instant inquiry does not select the teams, the winning ticket is not selected by chance but rather is selected on the basis of the teams' performance. Accordingly, section 849.0935(1)(a), Florida Statutes, would not appear to be applicable to your inquiry.
Contests in which the skills of the contestants predominate over the element of chance do not constitute lotteries.[2] This office has stated that various sports contests such as golf or bowling tournaments or football and baseball games appear to be predomi-nately contests of skill even though an element of chance may also be involved.[3]
Section 849.14, Florida Statutes, provides in part:
Whoever stakes, bets or wagers any money or other thing of value upon the result of any trial or contest of skill, speed or power or endurance of man or beast . . . or whoever knowingly becomes the custodian or depository of any money or other thing of value so staked, bet, or wagered upon any such . . . result, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
The statute, therefore, prohibits stakes, bets or wagers on the results of any contests of skill.[4] The Supreme Court of Florida in Creash v. State[5] distinguished between "stake, bet or wager" and "purse, prize or premium," stating:
In gamblers' lingo, "stake, bet or wager" are synonymous and refer to the money or other thing of value put up by the parties thereto with the understanding that one or the other gets the whole for nothing but on the turn of a card, the result of a race, or some trick of magic. A "purse, prize, or premium" has a broader significance. If offered by one (who in no way competes for it) to the successful contestant in a fete of mental or physical skill, it is not generally condemned as gambling, while if contested for in a game of . . . chance, it is so considered. . . . It is also banned as gambling if created . . . by . . . contributing to a fund from which the "purse, prize, or premium" contested for is paid, and wherein the winner gains, and the other contestants lose all.[6] (e.s.)
According to your letter, the contestants would purchase a ticket to participate in the contest. Part of the proceeds from the ticket purchases would be used to make up the prize. Such moneys, therefore, would appear to qualify as a "stake, bet or wager" as interpreted by the courts. Moreover, such money has been staked, wagered or bet on the result of a contest of skill. While the ticket purchaser does not choose the teams, the prizes are paid to the ticket holder based upon the performance of the teams.
Therefore, I am of the opinion that the operation of such a contest would violate section 849.14, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 849.09, Fla. Stat. (1993), generally prohibiting lotteries. And see, Little River Theatre Corporation v. State ex rel. Hodge, 185 So. 855 (Fla. 1939), discussing the elements of a lottery.
[2] See, e.g., Ops. Att'y Gen. Fla. 90-35 (1990) and 55-189 (1955).
[3] See, Ops. Att'y Gen. Fla. 66-41 (1966) and 91-3 (1991), respectively.
[4] See, McBride v. State, 22 So. 711, 713 (Fla. 1897), in which the Supreme Court of Florida found a violation of law in both games of chance and contests of skill where wages, bets or money were at stake, regardless of "whether the parties betting be the actors in an event upon which their wager is laid or not. . . ."
[5] 179 So. 149, 152 (Fla. 1938).
[6] Compare, Op. Att'y Gen. Fla. 90-58 (1990) in which this office concluded that a contest of skill where the contestant pays an entry fee that does not make up the prize for the opportunity to win a valuable prize by the exercise of skill does not violate the gambling laws of the state.